**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

MELANIE BEAUCHAMP Esquire,

       Plaintiff - Appellant,

v.

MARY KATE FLAHERTY, listed in
caption as Mry Kate Flaherty,

       Defendant - Appellee.

No. 25-872

D.C. No.
2:24-cv-01160-DWL

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted September 17, 2025[**]
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Appearing pro se, plaintiff Melanie Beauchamp appeals the district court's

dismissal of her amended complaint asserting tort claims against defendant Mary

Kate Flaherty. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court dismissed Beauchamp's amended complaint on two independent grounds. First, Beauchamp failed to comply with local procedural rules when filing her amended complaint. Second, Beauchamp failed to establish that the district court has personal jurisdiction over Flaherty.

On appeal, Beauchamp indirectly challenges the district court's dismissal for lack of personal jurisdiction by claiming that the district court's ruling was a result of judicial bias. She argues that by incorporating by reference legal analysis from a nearly identical but unrelated lawsuit filed by Beauchamp, which was also dismissed on personal jurisdiction grounds, the district court demonstrated prejudgment and bias. The district court's reference to and reliance on legal analysis from a factually similar case involving Beauchamp do not constitute judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that a judge's opinions based on facts or events from prior proceedings do not support a motion for judicial bias unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible"). We thus reject Beauchamp's judicial bias claim, which effectively leaves the district court's dismissal on personal jurisdiction grounds undisturbed and dispositive of this case.[1]

---

[1] Because we affirm the district court's dismissal of Beauchamp's amended complaint for lack of personal jurisdiction, we do not reach Beauchamp's challenge to the district court's independent procedural ground for dismissing her amended complaint because it would not change the outcome on appeal.

**AFFIRMED.**